CHARLES C. PERRY *v.* UNITED STATES (No. 4573)[1]

United States Court of Customs and Patent Appeals, January 27, 1948

*Jordan & Klingaman* (*Edward F. Jordan* and *J. L. Klingaman* of counsel) for appellant.

*Paul P. Rao,* Assistant Attorney General (*Richard F. Weeks* and *Alfred A. Taylor, Jr.,* special attorneys, of counsel), for the United States.

[Oral argument December 3, 1947, by Mr. Jordan and Mr. Taylor, Jr.]

Before GARRETT, Presiding Judge, and HATFIELD, JACKSON, and O'CONNELL, Associate Judges

JACKSON, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Second Division, pursuant to its decision, C. D. 1032, holding that certain imported hats had been properly classified by the collector as bleached and assessed with duty at the rate of 25 per centum ad valorem plus 25 cents per dozen under the provisions of paragraph 1504 (b) (2) of the Tariff Act of 1930. The protest of appellant claimed the hats to be properly dutiable at 25 per centum ad valorem under paragraph 1504 (b) (1), as not bleached.

The material part of the paragraph reads as follows:

(b) Hats, bonnets, and hoods, composed wholly or in chief value of straw, chip, paper, grass, palm leaf, willow, osier, rattan, real horsehair, cuba bark, ramie, or manila hemp, whether wholly or partly manufactured:

(1) Not blocked or trimmed, and not bleached, dyed, colored, or stained, 25 per centum ad valorem;

(2) not blocked or trimmed, if bleached, dyed, colored, or stained, 25 cents per dozen and 25 per centum ad valorem;

---

[1] C. A. D. 383.

The suit was submitted to the trial court upon the following stipulation:

That the claim herein is limited to the items described on the invoice as "Ishime Cell. Bangkok Hats—Natural."

That the sample hats forwarded to the court by the collector of customs with the protest are truly representative of the above described hats, and that the said samples may be received in evidence and marked collective exhibit 1.

That the said hats were classified by the collector of customs as "Hats * * *, composed wholly or in chief value of * * * paper * * * bleached" under paragraph 1504 (b) (2), Tariff Act of 1930, and that they are not blocked or trimmed, and are not dyed, colored, or stained.

That the above described hats were woven from paper cut into strips and twisted into the form of strings.

That neither the said paper as such, nor the said paper strings, nor the said hats themselves were subjected to any bleaching process.

That a preponderance of the fibers in the pulp from which the said paper was produced was in fact bleached.

The trial court pointed out that the sole issue was whether or not the bleaching of the fibers in the pulp from which the paper was made brought the imported merchandise within the paragraph as classified by the collector.

The trial court properly observed that paragraph 1504 (b) (2) does not provide for "bleached hats," but that it does provide for "Hats * * * composed wholly or in chief value of * * * paper * * * if bleached," citing the case of *United States* v. *Armand Schwab & Co., Inc., et al.*, 30 C. C. P. A. (Customs) 72, C. A. D. 218.

Counsel for appellant contended that the imported goods are not within the meaning of the paragraph as classified by the collector for the reason that neither the hats, nor the paper from which they were made, in its condition as paper, had been subjected to a bleaching process.

The trial court in its excellently considered decision correctly observed the incongruity that would result if different treatment were given the term "if bleached" than the terms "if dyed," "if colored" and "if stained."

The court properly observed that it is a matter of common knowledge that all hats and materials of which they are made possess color when in their natural condition, stating that the provision for "Hats * * * composed wholly or in chief value of * * * paper * * * if colored" referred to the addition of coloring to the material or article and that under the doctrine of *noscitur a sociis*, the term "bleached" must be interpreted in the same fashion as the term "colored" in the same paragraph.

We think the decision in the case of *Kaplan Bros.* v. *United States*, 21 C. C. P. A. (Customs) 87, T. D. 46396, is controlling of the issue here. In that case the imported merchandise consisted of hats composed wholly or in chief value of paper. The paper as such was

bleached and thereafter made into hats. The hats as such were not subjected to any process of bleaching, dyeing, coloring or staining, and entered into commerce in the same manner as completed hats which had been subjected to those processes.

It will be seen that the only difference between the facts in this case and those in the *Kaplan Bros.* case, *supra*, is that in the instant case the bleaching process was applied to the pulp from which the paper was made.

It appears to us that the manufacturing process, which included the subjecting of a preponderance of the fibers in the pulp to a bleaching process, resulted in the production of bleached paper, particularly since there is nothing to show that the bleaching effect had been subsequently removed from the paper. When the paper was twisted into strips, the strings were bleached paper strings and the hats made therefrom were composed of bleached paper material, as appeared in the *Kaplan Bros.* case, *supra*.

It appears to us that what we said in that case applies with equal cogency to the issue here. We there observed as follows:

It is quite obvious that the construction which appellant proposes would produce a most anomalous and illogical tariff result—one not in harmony with the usual course of tariff legislation, in that it would admit hats which, in the form imported, would be bleached in fact, by reason of the bleaching of the paper, at a rate of duty lower than that applicable where the hat itself was the first object of the bleaching process. If one desired to import bleached hats and avoid the 25 cents per dozen duty, he would simply have them made of bleached paper, or, to be more exact, have them made of braid, the paper in which had been bleached.

We find it difficult to reconcile ourselves to the view that Congress intended to so provide.

We think the more reasonable view is contained in the simple statement of fact that the hat is bleached whether the art of bleaching was performed upon the material before it became a hat or upon the hat itself.

Clearly the hats involved here are bought and sold and used in the same manner as hats which had been subjected to bleaching. Therefore, it is immaterial as to what stage in the production of the hats the bleaching occurred.

The judgment of the United States Customs Court is *affirmed*.